# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 19-40914
Summary Calendar

Wanda L. Bowling,

*Plaintiff—Appellant*,

*versus*

Greg Willis, *in his Official and Individual Capacity*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-610

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Wanda L. Bowling filed this action against her former spouse and eight other individuals, including Greg Willis, for federal claims related to her ongoing divorce proceedings in Texas state court. She asserted her former spouse misappropriated her assets and the other named defendants

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

participated in that conduct during, or subsequent to, the divorce. The district court ruled some of her claims were time-barred, others barred by prosecutorial and sovereign immunity, and others lacking a plausible basis for relief.

Willis moved for sanctions against Bowling and a declaration she was a vexatious litigant under 28 U.S.C. § 1651(a). The court agreed, and imposed a pre-filing injunction, prohibiting Bowling from filing further claims without leave of court.

Proceeding *pro se*, Bowling contests the injunction through an interlocutory appeal, contending: the court abused its discretion in declaring her to be a vexatious litigant; the scope of the injunction is overbroad; there is no real and immediate threat of future injury; and maintenance of the pre-filing injunction will deprive her of a federal remedy, which, she asserts, may only be vindicated in federal court. A pre-filing injunction is reviewed for abuse of discretion. *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).

District courts have inherent power to impose pre-filing injunctions "to deter vexatious, abusive, and harassing litigation". *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). The injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants". *Id.* (citation omitted). The injunction prohibits Bowling removing her state-court divorce proceeding to federal court or filing any civil action related to the divorce; it does not apply to current or pending matters, but only future cases; and Bowling may still file any otherwise-prohibited matter upon obtaining leave of court pursuant to the injunction. She has not shown the court abused its discretion.

Bowling also claims the court erred by: striking her first amended complaint; granting four defendants' motions to dismiss; and failing to consider her second amended complaint. Our court lacks jurisdiction to

No. 19-40914

consider these issues because they are not interlocutory orders.  *See* 28 U.S.C. § 1292(a)(1).

DISMISSED in part; AFFIRMED in part.